UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEEVAN MALHOTRA,

    Plaintiff,

v.                                 Case No.:  2:24-cv-945-SPC-NPM

AJIT KUMAR, AJAY KUMAR,
RAJ KUMAR, RENU KUMAR and
VIJAY KUMAR,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Jeevan Malhotra's Complaint. (Doc. 1). Plaintiff brings this action for fraud and other state-law claims by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)).  Diversity jurisdiction over civil actions exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C.

§ 1332(a). Here, the Court has concerns about Defendants' citizenship as well as venue.

Each Defendant is a natural person. To establish jurisdiction, Plaintiff alleges each Defendant's state of residence. (Doc. 1 ¶¶ 9-13). The problem is, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). And, for purposes of diversity jurisdiction, citizenship is equivalent to "domicile." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Domicile requires "both residence in a state and an intention to remain there indefinitely." *Id.* (cleaned up). Because Plaintiff only asserts each Defendants' residency, he fails to establish their citizenship and, as such, fails to establish the parties are diverse.

There is also a problem with venue. Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated; or (3) if none of the foregoing apply, any judicial district in which any defendant is subject to the court's personal jurisdiction. Plaintiff fails to satisfy any of these options.

Plaintiff offers three different bases for venue (Doc. 1 ¶ 7), each of which fail. First, he asserts that the events giving rise to the Complaint occurred *in Florida*. But the events giving rise to the action must have occurred in this District. Allegations that the events occurred in the state are inapt. *See Horowitz v. Emerald Nutraceuticals, LLC.*, No. 2:23-CV-696-SPC-NPM, 2024 WL 4275197, at *3 (M.D. Fla. Sept. 24, 2024).

Plaintiff also alleges that venue is proper here because two of the Defendants reside in Florida. Although he separately alleges these two Defendants reside in Naples (which is in this District), this would only establish venue "if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Per the Complaint, the other three Defendants live in California, Pennsylvania, and Colorado. (Doc. 1 ¶¶ 10, 11, 13). Because all Defendants do not reside in Florida, this basis for venue fails.

Finally, Plaintiff states that all defendants involved have *a connection* to Florida. Construing this liberally, this seems to invoke § 1391(b)(3), which permits venue in any district where any defendant is subject to the court's personal jurisdiction. But this subsection is a "fallback option" for cases in which venue is improper under §§ 1391(b)(1) and (2). *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013) ("The first two paragraphs of § 1391(b) define the preferred judicial districts for venue in a typical case, but the third paragraph provides a fallback option[.]"). As such,

3

Plaintiff must show that venue is unavailable under §§ 1391(b)(1) and (2) before he can rely on this fallback option. *See Augusta Nat'l, Inc. v. Green Jacket Auctions, Inc.*, No. CV 117-096, 2018 WL 797434, at *2 (S.D. Ga. Feb. 8, 2018) ("Venue is proper in a district that fits the third category, however, only when no other district fits the requirements of the first two categories."). Because he has not, this attempt at establishing venue also fails.

Based on the foregoing, the Court finds that Plaintiff has not met his burden of establishing this Court's subject-matter jurisdiction or that venue is proper in this District.

Accordingly, it is now **ORDERED:**

1. Plaintiff Jeevan Malhotra's Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction and improper venue.

2. Plaintiff may file an amended complaint on or before December 20, 2024. Failure to do so will cause the Court to close this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on December 4, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4