# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

JEEVAN MALHOTRA,

    Plaintiff,

v.                               2:24-cv-945-SPC-NPM

AJIT KUMAR, *et al*,

    Defendants.

---

## ORDER

Defendant Ajit Kumar died on March 15, 2025. (Doc. 57). Plaintiff Jeevan Malhotra seeks a court order requiring "the funeral home or funeral director handling defendant Ajit Kumar's remains to take and provide fingerprints … for forensic analysis."[1] (Doc. 55 at 3). Malhotra relies upon Federal Rules of Civil Procedure 34 and 35 to assert that he is entitled to this discovery.[2] (Doc. 49 at 2; Doc. 50 at 2).

Federal Rule of Civil Procedure 34, provides in pertinent part:

(a) In General. A party may serve on any other party a request within the scope of Rule 26(b):

    (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

        (A) any designated documents or electronically stored information—including writings, drawings, graphs,

---

[1] On March 10, 2025, Malhotra filed an initial motion to compel, which was followed by an "emergency" motion on March 17, 2025. (Docs. 49, 50).

[2] This action stems from a family dispute over the disposition of ownership interests in real estate located in India. Among other things, Malhotra alleges that a Will purportedly executed by Kumar's wife (who predeceased him) is invalid. (Doc. 32). Malhotra asserts that Kumar's fingerprints are probative of the Will's validity. (Doc. 49 at 2).

charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Fed. R. Civ. P. 34(a)(1)-(2).

On the other hand, Rule 35 provides in part:

(a) Order for an Examination.

(1) In General. The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

(2) Motion and Notice; Contents of the Order. The order:

(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

(B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a)(1)-(2).

Under either rule, Malhotra's motions falter. Rule 34 contemplates discovery between parties to obtain existing documents, inspect or copy tangible things, or test, sample, or photograph land or other property. Not only is Malhotra seeking the creation of documents that do not exist, but he also seeks to compel a non-party—the funeral home or director—to take and produce the fingerprints. For both reasons,

such a request does not fall within the confines of Rule 34.

Malhotra's reliance upon Rule 35 fares no better. Under the confines of this rule, upon a showing of good cause, a court may order a party whose condition is in controversy to submit to an examination. Again, Ajit Kumar is no longer a party since he is deceased. And even if Kumar were alive, Malhotra has not made an adequate showing of good cause. Malhotra alleges that he has applied for "official fingerprints" under the Freedom of Information Act (FOIA). (Doc. 32 ¶ 80). So it appears that Malhotra may obtain Kumar's fingerprints by other means. *See Winstead v. Lafayette Cnty. Bd. of Cnty. Comm'rs*, 315 F.R.D. 612, 616 (N.D. Fla. 2016) ("One factor that is relevant to the determination of 'good cause' is the possibility of obtaining the desired information by other means.").

Accordingly, Malhotra's motions to compel (Docs. 49, 50) are **DENIED**.

**ORDERED** on March 26, 2025

Nicholas P. Mizell
United States Magistrate Judge