UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEEVAN MALHOTRA,

    Plaintiff,

v.     Case No.:  2:24-cv-945-SPC-NPM

AJIT KUMAR, AJAY KUMAR,
RAJ KUMAR, RENU KUMAR, and
VIJAY KUMAR,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Defendants Ajit, Ajay, Raj, Renu, and Vijay Kumar's Motion to Dismiss.  (Doc. 47).  Pro se Plaintiff Jeevan Malhotra filed a response in opposition (Doc. 62),[1] so the motion is ripe for review.  For the below reasons, the Court grants Defendants' motion.

Simply put, this is an estate dispute.[2]  Unfortunately, the allegations are not that simple, and an overview of Plaintiff's family tree is necessary to understand this matter.  Plaintiff's father was M. Om. Prakash.  Prakash's sister (Plaintiff's aunt) was Ramesh Kumar.  Ramesh married Defendant Ajit

---

[1] Plaintiff's response exceeded the twenty-page limit.  *See* M.D. Fla. R. 3.01(b).  Any future filings must comply with the Middle District of Florida's Local Rules.

[2] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

Kumar (Plaintiff's uncle).  Together, Ramesh and Ajit had four children—Defendants Ajay, Raj, Renu, and Vijay Kumar (Plaintiff's cousins).  Prakash's and Ramesh's father, Mukundlal Malhotra (Plaintiff's grandfather), owned property in India, including the Moti Mahal Hotel ("Hotel").  This dispute is largely over Plaintiff's claimed entitlement to an interest in the Hotel.

According to Plaintiff, his father (Prakash) was unemployed and struggled to get by.  So out of affection for her brother, Ramesh relinquished her entire share of their father's estate to Prakash in 1983.  This relinquishment included Ramesh's interest in the Hotel.  Because Ramesh relinquished her share in the Hotel to Plaintiff's father, Plaintiff stood to acquire this interest upon his father's death.  But that is not what occurred.

Despite Ramesh's relinquishment to Plaintiff's father, she executed a sales deed in 2015 conveying her interest in the Hotel to her cousin, Anand Kumar Dhull.[3]  (Doc. 32-1 at 7–15).  Her action hindered Plaintiff's claim to Ramesh's interest in the Hotel.  Trying to salvage his interest, Plaintiff insists the 2015 sales deed was invalid.  Apparently, Ramesh never received consideration for the sale to Dhull.  And the two witnesses to the sale were not physically present when the deed was executed.  What's more, Ramesh never signed any sales deed.  Rather, she signed "blank papers" that Dhull later filled

---

[3] Dhull is not a party to this action.

2

in. In any event, Defendants each signed affidavits stating Ramesh sold her share in the Hotel, despite their knowledge that the sales deed was fraudulently obtained and despite their knowledge that Ramesh had relinquished her share in the Hotel to Dhull.

Apart from the sales deed, Plaintiff also challenges Ramesh's testamentary will. In a summary administration proceeding in state court, Defendants filed affidavits stating Ramesh did not have a will. Yet a month later, Defendants signed other affidavits indicating Ramesh, in fact, had a valid will. What's more, like the sales deed, this will was fraudulently prepared because Ramesh merely signed blank papers; the terms were surreptitiously added later. (Doc. 32-1 at 16–22). Still, knowledge of this fraud did not stop Defendants from declaring Ramesh had a valid will.

Another point of contention. In 2014, Ramesh issued a General Power of Attorney, which suggested that Plaintiff is an "illegal" child. (Doc. 32 ¶¶ 31, 87). If true, this would disqualify him from inheriting any of his father's estate—including Ramesh's relinquished share in the Hotel. Defendant Ajit Kumar witnessed this power of attorney for his wife despite knowing that Plaintiff was Prakash's legitimate child.

Based on the above, Plaintiff brings several claims: fraudulent representation (count I), promissory estoppel (count II), fraud (count III), civil conspiracy (count IV), undue influence (count V), lack of testamentary capacity

3

(count VI), intentional infliction of emotional distress ("IIED") (count VII), sale deed invalid under India law (count VIII), and will invalid under India law (count IX).  Plaintiff seeks $500,000 in compensatory damages, $2,500,000 in punitive damages, a declaration that the sales deed is invalid and void, and a declaration that the will is invalid and void.  (Doc. 32).

Defendants move to dismiss Plaintiff's second amended complaint.[4] They argue Plaintiff lacks Article III standing, the probate exception bars some of Plaintiff's claims, other claims are barred by the statute of limitations, the fraud claims fail to comply with Federal Rule of Civil Procedure 9(b), and Plaintiff fails to state a claim.  (Doc. 47).

First, the standing issue.  For Article III standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  Plaintiff bears the burden of establishing these elements.  *Id.*  "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element."  *Id.* (cleaned up and citations omitted).

---

[4] An Amended Complaint was filed after the Court questioned subject-matter jurisdiction. A Motion to Dismiss the Amended Complaint was filed but was struck by the Court as it did not comply with Local Rule 3.01(g).  The Second Amended Complaint was then filed and is the operative pleading and subject of this Motion to Dismiss.

Defendants argue Plaintiff lacks standing because, even assuming the sales deed is invalid and void, Ramesh's interest in the Hotel would revert to her estate. Plaintiff is not a beneficiary of her estate (either through a will or intestacy), so even a favorable judgment would not entitle him to Ramesh's interest in the Hotel. For the same reason, Defendants argue Plaintiff would not benefit from invalidating the will. This argument is partially correct.

Liberally construing Plaintiff's second amended complaint, he has standing for his claims relating to the sales deed. As alleged, Ramesh relinquished her share in her father's estate to her brother (Plaintiff's father). So after Plaintiff's father passed away, Ramesh's relinquished share of the Hotel would have passed to Plaintiff. But this never occurred because Ramesh sold her interest in the Hotel to her cousin, which Defendants apparently enabled. So if the sales deed is invalidated, Plaintiff could arguably obtain an interest in the Hotel. He also seeks monetary damages for Defendants' fraud. These allegations sufficiently establish standing.

Defendants' contention that invalidating the sales deed would simply revert the Hotel interest back to Ramesh's estate is not entirely accurate. Plaintiff's claim is based on his belief that the Hotel interest was never part of Ramesh's estate because, long before her death, she relinquished any entitlement to it. Taken as true, Plaintiff has standing for claims related to the sales deed.

That said, the Court agrees Plaintiff has not shown standing for his claims relating to Ramesh's will. It seems the Hotel interest was never part of Ramesh's estate—because she either sold it or relinquished it. And Plaintiff does not otherwise indicate to what estate property he claims entitlement. So it is unclear how the will affects Plaintiff or how he was injured by the purported fraud related to the will. If he files a third amended complaint, he must rectify this pleading deficiency or drop the will-related fraud claim (count III).

Next, Defendants argue the probate exception bars counts V (undue influence), VI (lack of testamentary capacity) and IX (will invalid under the laws of India). Federal courts "may not exercise diversity jurisdiction over state probate matters." *Fisher v. PNC Bank, N.A.*, 2 F.4th 1352, 1356 (11th Cir. 2021) (citation omitted). The probate exception reserves to state probate courts the probate or annulment of a will, the administration of a decedent's estate, and it bars federal courts from disposing of property in a probate court's custody. *Id.* (citing *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)). So the probate exception precludes federal courts from invalidating a will. *See Mich. Tech Fund v. Century Nat. Bank of Broward*, 680 F.2d 736, 739 (11th Cir. 1982) ("A challenge to the validity of a will is not within the jurisdiction of the federal courts under the probate exception." (citation omitted)).

The probate exception bars counts V, VI, and IX. In count V, Plaintiff alleges that "undue influence was used to create this fraudulent Will of Ramesh Kumar." (Doc. 32 ¶ 108). In count VI, he asserts that Ramesh "lacked testamentary capacity to make a Will" because of her poor vision and hearing. (*Id.* ¶ 112). And in count IX, Plaintiff explicitly asks the Court to declare Ramesh's will invalid. (*Id.* ¶¶ 132–41). He echoes the same request in his prayer for relief. (*Id.* ¶ 145). The Court cannot grant such relief. *See Grosz v. SunTrust Bank*, No. 8:12-CV-1336-T-23AEP, 2013 WL 12387353, at *4 (M.D. Fla. Aug. 8, 2013) ("A challenge to the validity of a will—either because of lack of testamentary capacity or undue influence—is not subject to federal diversity jurisdiction."). So the Court dismisses these claims with prejudice.[5]

Next is Plaintiff's failure to state a claim. To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw

---

[5] Plaintiff concedes count IX is barred by the probate exception. (Doc. 62 at 8–9).

a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Plaintiff fails to state a promissory estoppel claim (count II). "To establish promissory estoppel, the elements are: (1) defendant made certain promises, (2) that it should have expected that plaintiff would rely on the promises, and (3) that plaintiff did rely on the promises to his detriment." *Myers v. 3073 Horseshoe Drive, LLC,* No. 2:23-CV-95-JES-NPM, 2024 WL 4040834, at *1 (M.D. Fla. Sept. 4, 2024). Plaintiff's promissory estoppel claim hinges on Ramesh's "promises to the Plaintiff and his family that she had relinquished her rights in her father's property." (Doc. 32 ¶ 66). But Ramesh is not a defendant. And Plaintiff cannot sue Defendants for promises someone else made. So this claim is dismissed with prejudice.

The Court also dismisses Plaintiff's IIED claim (count VII). For this claim, Plaintiff must allege "(1) intentional or reckless conduct (2) that is outrageous and (3) causes the victim emotional distress (4) that is severe." *Gomez v. City of Doral*, No. 21-11093, 2022 WL 19201, at *7 (11th Cir. Jan. 3, 2022) (citing *Kim v. Jung Hyun Chang*, 249 So. 3d 1300, 1305 (Fla. Dist. Ct. App. 2018)). "To show outrageousness, the plaintiff must allege conduct that

is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Metro. Life Ins. v. McCarson*, 467 So. 2d 277, 278–79 (Fla. 1985)). Plaintiff fails to meet this high standard.

Plaintiff alleges that Defendants engaged in their fraudulent scheme—falsely attesting to the validity of the will and sales deed—to harass and cause him severe emotional harm. (Doc. 32 ¶¶ 115–26). Even if true, such conduct does not rise to a level of outrageousness to maintain an IIED claim. *Cf. Tucci v. Smoothie King Franchises, Inc.*, 215 F. Supp. 2d 1295, 1303 (M.D. Fla. 2002) (dismissing the plaintiff's IIED claim that "because the notarized agreement was forged and Defendant knew that the agreement was forged, it intentionally and recklessly inflicted mental suffering"). The Court dismisses count VII with prejudice.

Next up are Plaintiff's fraud claims (counts I and III). To state a claim for fraudulent misrepresentation, a plaintiff must allege (1) a false statement concerning a material fact; (2) the representator's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Tucker v. Evenflo Co.*, No. 6:20-CV-2-PGB-GJK, 2021 WL

9

8946699, at *2 (M.D. Fla. Nov. 8, 2021) (citing *Butler v. Yusem*, 44 So.3d 102, 105 (Fla. 2010)).  Plaintiff fails to allege the third and fourth elements.

In count I, Plaintiff alleges that Defendants signed affidavits indicating Ramesh sold her share in the Hotel despite knowing the sales deed was fraudulent and invalid.  Count III is more of the same, except it involves Defendants' misrepresentation that Ramesh left a valid will.  The problem is, Plaintiff must have acted in reliance on these representations.  There is no allegation that he did so.  To the contrary, he alleges he uncovered this fraud in 2024—around the same time he filed this action.  So not only does he fail to allege he acted in reliance on Defendants' misrepresentations, but it seems doubtful that he can do so.  The Court dismisses counts I and III.

The fraud claims also violate Federal Rule of Civil Procedure 9(b).  A plaintiff must "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  These circumstances include "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statements; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud." *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 483 (11th Cir. 2015) (cleaned up).  A complaint against multiple defendants must allege facts about each defendant's participation in the fraud. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).

10

Plaintiff broadly alleges that Defendants made false assertions in various affidavits. But he provides none of the essential details required to state a fraud claim. *See Omnipol, a.S. v. Worrell*, 421 F. Supp. 3d 1321, 1343 (M.D. Fla. 2019), *aff'd sub nom.*, 32 F.4th 1298 (11th Cir. 2022) (explaining "claims of fraud must be pled with particularity, which means proffering the who, what, when, where, and how of the fraud alleged"). If he amends his complaint, Plaintiff must satisfy Rule 9(b)'s heightened pleading requirement. This includes specifying who made the purportedly fraudulent statement, the precise statement the person made, the affidavit in which the statement was made, when the affidavits were executed, where the affidavits were issued, how the statements in the affidavits were fraudulent, and how the statements harmed Plaintiff.

Plaintiff's civil conspiracy claim (count IV) also fails. "To state a claim for civil conspiracy under Florida law, a plaintiff must allege: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Corbett v. Transp. Sec. Admin.*, 968 F. Supp. 2d 1171, 1190 (S.D. Fla. 2012), *aff'd*, 568 F. App'x 690 (11th Cir. 2014) (citing *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009)). General allegations of conspiracy are insufficient. *Id.* (citation omitted). Rather, a civil conspiracy claim "must set

11

forth clear, positive, and specific allegations of civil conspiracy." *Id.* (citation omitted). Additionally, "an actionable civil conspiracy claim requires an actionable underlying tort or wrong." *Prudential Ins. of Am. v. Gardina*, No. 6:23-CV-1125-JSS-DCI, 2024 WL 5145914, at *11 (M.D. Fla. Dec. 17, 2024) (cleaned up and citation omitted).

Plaintiff fails to state a civil conspiracy claim. Citing largely the same facts supporting his fraud claims, Plaintiff alleges Defendants conspired "to sell the property illegally," which resulted in Plaintiff's loss of property rights. (Doc. 32 ¶ 99). Like his fraud claims, Plaintiff's conspiracy claim fails to provide clear, positive, and specific allegations. He fails to allege an "agreement" between Defendants altogether. And because the Court dismisses his fraud claims, they cannot support his conspiracy claim. *See Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007) ("[A] claim that is found not to be actionable cannot serve as the basis for a conspiracy claim."). So the Court dismisses count IV.

Finally, Plaintiff's claim to invalidate the sales deed (count VIII) is defective because Plaintiff has not joined at least one required party for this claim: Anand Kumar Dhull. Under Federal Rule of Civil Procedure 19(a)(1), a person must be joined as a party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's

ability to protect the interest." Plaintiff alleges that Ramesh sold her interest in the Hotel to Dhull. Plaintiff seeks to invalidate that sale, thereby depriving Dhull of his property interest. Clearly then, Dhull has an interest in this action, and disposition would impair his ability to protect that interest. So Dhull is a required party under Rule 19(a)(1). Plaintiff must join Dhull (and any other required parties) to this action.

Before concluding, the Court addresses Defendants' unavailing defenses. Defendants raise a statute of limitations defense to Plaintiff's claims about the sales deed (counts I and VIII). They argue these claims are barred by Florida's four-year statute of limitations for fraud claims. "A defendant may raise a statute of limitations defense in a motion to dismiss for failure to state a claim when the complaint shows on its face that the limitation period has run." *Edward J. Goodman Life Income Tr. v. Jabil Cir., Inc.*, 560 F. Supp. 2d 1221, 1229 (M.D. Fla. 2008) (citation omitted). Plaintiff's second amended complaint shows count I is not time-barred; count VIII is less clear.

Under Florida law, actions for fraud are subject to a four-year statute of limitations. Fla. Stat. § 95.11(3)(i). Generally, the "time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." Fla. Stat. § 95.031. "A cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1). As noted above, the last element of fraud is "consequent injury by the party

13

acting in reliance on the representation." *Tucker*, 2021 WL 8946699, at *2. Additionally, fraud cases are subject to the "delayed discovery doctrine," meaning the statute of limitations period does not commence until "the time the facts giving rise to the case of action were discovered or should have been discovered with the exercise of due diligence[.]" Fla. Stat. § 95.031(2)(a); *Gardina*, 2024 WL 5145914, at *7.

Defendants argue Plaintiff knew of the alleged fraud related to the sales deed back in 2015 because he brought a 2015 lawsuit premised on the deed. But as the Court understands count I, the alleged fraud is based on Defendants' affidavits attesting to the validity of the sales deed. According to the second amended complaint, Defendants signed these affidavits in 2024. Thus, the alleged fraud did not occur until 2024, and count I falls within the four-year limitations period.

As for count VIII, Plaintiff asks the Court to invalidate the fraudulent sales deed because: (1) it was executed without consideration, and (2) it was not attested by two physically present witnesses. (Doc. 32 ¶¶ 127–31). Citing Florida's statute of limitations for fraud, Defendants argue count VIII is time-barred. But it is unclear whether Florida law applies to this claim given the property at issue is in India, and it appears Ramesh executed the sales deed in

India.[6]  In fact, Plaintiff seeks to invalidate the sales deed under India law, and Defendants assert in their motion that India law governs the sales deed. (Doc. 47 at 10–11).  So the Court is unsure why Defendants apply Florida's statute of limitations to this claim.  If Defendants reassert this defense, they must clarify what law applies.

Defendants also assert absolute immunity to the fraud claims under Florida's litigation privilege.  Florida's litigation privilege "protects anything said or written during a lawsuit so long as it has some relation to the proceeding."  *Esmailzadegan v. Ventura Greens at Emerald Dunes Condo. Ass'n, Inc.*, No. 17-81040-CIV, 2018 WL 3699343, at *6 (S.D. Fla. Apr. 25, 2018), *report and recommendation adopted*, 2018 WL 3699308 (May 11, 2018) (citing *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins.*, 639 So. 2d 606, 607–08 (Fla. 1994)).  Courts have held this privilege extends to untrue statements in an affidavit.  *Id.* (citing *Coursen v. JP Morgan Chase & Co.*, No. 8:12-CV-690-T-26EAJ, 2013 WL 5437348, at *8 (M.D. Fla. June 25, 2013), *aff'd sub nom.* 588 F. App'x 882 (11th Cir. 2014)).

---

[6] Because this is a diversity case, the Court applies Florida's choice-of-law rules. *See Cassirer v. Thyssen-Bornemisza Collection Found.*, 596 U.S. 107, 115 (2022) ("[A] federal court sitting in diversity borrows the forum State's choice-of-law rule.").  "Under Florida's choice-of-law rules, the statute of limitations of the state having the most significant relationship to the occurrence and parties applies." *Chau Kieu Nguyen v. JP Morgan Chase Bank, NA*, 709 F.3d 1342, 1346 (11th Cir. 2013).

15

Defendants' privilege claim falls short. Although Plaintiff's fraud claims derive from Defendants' allegedly fraudulent affidavits and other sworn statements, there is no indication these affidavits were issued in court. Plaintiff's sole reference to an affidavit in a judicial proceeding is found in count III. There, he asserts that Defendants filed affidavits in the summary administration proceeding that swore Ramesh did not have a will. But it seems these affidavits do not inspire Plaintiff's fraud claim in count III. Rather, count III hinges on Defendants' later affidavits indicating Ramesh *did* prepare a will. (*See* Doc. 32 ¶ 82) (alleging Defendants "willfully committed fraud and tried to deceive the Plaintiff by promoting the fraudulent will"). There is no indication these later affidavits were filed in a judicial proceeding. So for now, Defendants' litigation-privilege defense fails.[7]

Accordingly, it is now

**ORDERED:**

1.  Defendants' Motion to Dismiss (Doc. 47) is **GRANTED in part**.

2.  Counts II, V, VI, VII, and IX are **DISMISSED with prejudice.**

3.  Counts I, III, and IV are **DISMISSED without prejudice.**

---

In any event, as instructed above, Plaintiff's fraud allegations must comply with Rule 9(b) in any future pleading. Defendants may reassert the litigation privilege, if necessary, after Plaintiff provides more specific allegations.

4. On or before **May 19, 2025**, Plaintiff must file a Third Amended Complaint. **A failure to do so will result in this case's dismissal without further notice.**

5. On or before **June 6, 2025**, Plaintiff must serve Anand Kumar Dhull and file a proof of service or **SHOW CAUSE** why count VIII should not be dismissed under Rule 19(b). **A failure to do so will result in dismissal of count VIII without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on May 5, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record