UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEEVAN MALHOTRA a/k/a
M. JEEVAN PRAKASH,

       Plaintiffs,                      Case No. 2:24-cv-945-SPC-NPM

vs.

AJIT KUMAR, AJAY KUMAR,
RAJ KUMAR, RENU KUMAR, and
VIJAY KUMAR

       Defendants.
_____/

## DEFENDANTS, AJAY KUMAR, RAJ KUMAR, RENU KUMAR, AND VIJAY KUMAR'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT [DOC. 66]

**COME NOW**, the Defendants, AJAY KUMAR, RAJ KUMAR, RENU KUMAR, and VIJAY KUMAR ("Defendants")[1], by and through undersigned counsel, and move to dismiss Plaintiff's Third Amended Complaint [Doc. 66, and hereinafter cited as "**Am.Comp.**"] or, alternatively, for a More Definite Statement (hereinafter, the "**Defendants' Motion**"). In support thereof, the Defendants state:

## INTRODUCTION & STATEMENT OF THE PRECISE RELIEF REQUESTED

1.     On May 5, 2025, this Court entered in Opinion and Order granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 63], in which the Court dismissed multiple claims of Plaintiff with prejudice, and dismissed

---

[1] Defendant, AJIT KUMAR, is deceased. Suggestion of Death was filed in this case on March 25, 2025. [ECF Nos. 56 & 57].

three (3) counts of Plaintiff's Second Amended Complaint without prejudice, and afforded Plaintiff the ability to file a Third Amended Complaint to correct the deficiencies set forth in the Opinion and Order.

2.      The three (3) counts dismissed without prejudice were Count I ("Fraudulent representation"), Count III ("Fraud") and Count IV ("Civil Conspiracy"). In the Third Amended Complaint, Plaintiff attempts to re-allege these counts in Count I ("Fraudulent representation"), Count II ("Fraud") and Count III ("Civil Conspiracy").

3.      Plaintiff alleges that Ramesh Kumar (who is not a party to this case) purportedly made "multiple promises" to relinquish her interest in her father's estate (Plaintiff's alleged grandfather) in favor of her brother, Plaintiff's father. However, notwithstanding the alleged "multiple promises," Plaintiff claims that a (i) "Sale Deed" (attached as Exhibit D to the Third Amended Complaint, and hereinafter referred to as "**Sale Deed**"), and a (ii) "Will" (attached as Exhibit E to the Third Amended Complaint, and hereinafter referred to as the "**Will**") were executed by Ramesh Kumar, which purport to transfer her interest in certain properties situated in India to individuals located in India.

4.      The Defendants are Ramesh Kumar's surviving husband (AJIT KUMAR) and their four (4) children, AJAY KUMAR, RAJ KUMAR, RENU KUMAR and VIJAY KUMAR.[2]

---

[2] An additional Defendant has been named in the Third Amended Complaint, Anand Kumar Dhull a/k/a Anand Dhull. Defendants' Motion is filed on behalf of Defendants, AJAY KUMAR, RAJ

5.    As set forth in Defendants' Motion, despite this Court's Opinion and Order (Doc. 63), Plaintiff has continued to fail to provide the essential details required to satisfy Rule 9(b)'s heightened pleading requirement as to Counts I, II and III of the Third Amended Complaint. Additionally, as to Count II of the Third Amended Complaint, Plaintiff fails to establish Article III standing and the probate exception applies.

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION

### I.    Legal Standard

6.    For a Rule 12(b)(1) motion that presents a factual challenge to subject matter jurisdiction, this Court may consider documents outside the pleadings without converting the motion to a motion for summary judgment. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335-36 (11th Cir. 2013).

7.    Further, even under a Rule 12(b)(6) standard, this Court may take judicial notice of pleadings and orders from another action. *Frame v. U.S.*, 2010 WL 5951969, at *4 (M.D. Fla. Dec. 30, 2010) ("Pleadings, orders, and other documents from a prior action are 'not subject to reasonable dispute' because they [a]re 'capable of accurate and ready determination by resort to sources whose accuracy [cannot] reasonably be questioned.'") (Citations omitted). Thus, taking judicial notice of such documents in deciding a Rule 12(b)(6) motion to dismiss is proper. *Id*.

---

KUMAR, RENU KUMAR, and VIJAY KUMAR, and is not filed for or on behalf of Anand Kumar Dhull a/k/a Anand Dhull, and nothing herein shall constitute an appearance on behalf of Anand Kumar Dhull a/k/a Anand Dhull in the above-styled cause.

8.     Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss for "Failure to state a claim upon which relief can be granted." In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

9.     A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," will not do. *Bell Atl. Corp.*, 550 U.S. at 555. Further, while detailed factual allegations are not required under the general pleading standard in Fed. R. Civ. P. 8(a)(2), more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" is necessary. *Ashcroft*, 556 U.S. at 678.

10.     To state a claim for fraud and fraudulent misrepresentation, a plaintiff must allege (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance

on the representation." *Tucker v. Evenflo Co.*, 2021 WL 8946699, at 2 (M.D. Fla. Nov. 8, 2021) (citing *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010)).

11.    Plaintiff's claims for "Fraudulent representation," "Fraud," and "Civil Conspiracy" in Counts I, II, and III of the Third Amended Complaint, respectively, are subject to the heightened pleading standard set forth in Fed. R. Civ. P. 9(b), which requires a party alleging fraud or mistake to state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b).

12.    Courts in the Eleventh Circuit have found that "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194 (11th Cir. 2001) (citing *Brooks v. Blue Cross and Blue Shield of Fl, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir.1997) (Fed. R. Civ. P. 9(b) serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.)

13.    A complaint against multiple defendants must allege facts about each defendant's participation in the fraud. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). Further, "claims of fraud must be pled with particularity, which means proffering the who, what, when, where, and how of the fraud alleged."

See *Omnipol, a.S. v. Worrell*, 421 F. Supp. 3d 1321, 1343 (M.D. Fla. 2019), aff'd sub nom., 32 F.4th 1298 (11th Cir. 2022)

## II.    Plaintiff Continues to Fail to State a Claim for "Fraudulent representation," and Count I should be Dismissed with Prejudice

14.    Count I of Plaintiff's Third Amended Complaint suffers the same deficiencies as Count I of Plaintiff's Second Amended Complaint [Doc. 32], which this Court has already found fails to allege the essential details required to state a fraud claim.

15.    Count I of the Third Amended Complaint does not allege any facts in support of the bare and conclusory allegation that "Plaintiff acted in reliance upon any of the false statements allegedly made by the Defendants." Am. Comp., at ¶ 52. Indeed, the allegations in Count I negate the possibility that the Plaintiff did so.

16.    The purported statements alleged by Plaintiff in Count I include the same threadbare allegation alleged in the Second Amended Complaint, regarding an alleged "Affidavit" purportedly signed by Defendants "[a]round March 2024," and an "alleged Power of Attorney promoting the Sale Deed." Am.Comp., at ¶ 49. In addition, Count I alleges two (2) other bare statements purportedly made by two (2) of the Defendants related to the Sale Deed, to wit:

a.    On Nov 17th, 2015, Ajit Kumar and Raj Kumar made the statements to the Plaintiff that Ramesh Kumar issued a Registered Sale Deed in favor of Anand Kumar and they already received consideration amount in return on the date of signing the Sale Deed.

> b.    On Nov 13th, 2019, Raj Kumar made the statements again to
> Plaintiff that Ramesh Kumar issued a Registered Sale Deed in favor of Anand
> Kumar and they already received consideration amount in return on the date of
> signing the Sale Deed.

Am.Comp., at ¶ 49.

17.    Similar to the deficiency in the Second Amended Complaint,  while
Plaintiff alleges that each of the Defendants signed an "Affidavit," Plaintiff does not
allege how any statements contained in any "Affidavit" relating to Ramesh Kumar
issuing a registered Sale Deed are false and, in fact, Plaintiff attaches the Sale Deed as
Exhibit C to the Third Amended Complaint in the instant cause.

18.    Moreover, Plaintiff fails to allege any facts concerning the purported
"fraud related to the Sale deed" that he allegedly "uncovered" in 2024, which Plaintiff,
in turn, apparently bases his belief that statements made by the Defendants were
fraudulent.

19.    Plaintiff's Third Amended Complaint is also completely devoid of any
facts in support of the conclusory allegation that that Defendants knew about "signed
blank papers." Indeed, Plaintiff's allegations concerning what he refers to as "signed
blank papers" is confusing, at best, and Plaintiff fails to allege any facts concerning the
purported "Preliminary investigations with the Notary" which apparently forms the
claim regarding "signed blank papers," including the identity of the "Notary" to which
Plaintiff is referring, when any of these purported investigations took place, and the
substance of these purported investigations.

20.    Similar to the deficiency in the Second Amended Complaint, Plaintiff's allegations in the Third Amended Complaint regarding the alleged "Affidavit" purportedly signed by Defendants "[a]round March 2024," and "alleged Power of Attorney promoting the Sale Deed," do not specify: (i) the precise "affidavit" or "Power of Attorney" allegedly provided by the Defendants, (ii) the precise fraudulent misrepresentations made by a specific Defendant about the Sale Deed, (iii) when and to whom the "affidavit" or "Power of Attorney" were provided "in 2024," (iv) when the precise fraudulent misrepresentations were made by any Defendant about the Sale Deed, (v) the contents of any alleged representations that were made by any of the Defendants, (vi) the manner in which the affidavits purportedly misled the Plaintiff, (vii) any actions taken by Plaintiff in reliance upon any statement allegedly made by any particular Defendant, either in any purported "affidavit," "Power of Attorney" or otherwise, or (viii) what any of the Defendants obtained as a consequence of any alleged false representations.

21.    Likewise, the two additional statements allegedly made on Nov. 17, 2015, by Ajit Kumar and Raj Kumar, and by Raj Kumar on Nov. 13, 2019, which are alleged by Plaintiff for the first time in Count I of the Third Amended Complaint, respectively, fail to allege the precise document or manner in which each of these statements were made, fail to allege the manner in which these statements misled Plaintiff, and fail to allege what either Ajit Kumar or Raj Kumar would have gained by making these alleged statements.

22.     This Court has already ordered Plaintiff to provide the essential details required to satisfy Rule 9(b)'s heightened pleading requirement, which Plaintiff has continued to fail to do. In particular, with respect to the various affidavits in which Plaintiff broadly alleges that Defendants made false assertions, the Court has directed Plaintiff to specify who made the purportedly false statement, the precise statement the person made, the affidavit in which the statement was made, when the affidavits were executed, where the affidavits were issued, how the statements in the affidavits were fraudulent, and how the statements harmed Plaintiff. (Doc. 63, at p. 11).

23.     Furthermore, Plaintiff does not allege to whom, or when, where or how, any "affidavit" or "Power of Attorney" claimed in the Third Amended Complaint was provided, or how any such "affidavit" or "Power of Attorney," in turn, somehow resulted in the damage claimed by Plaintiff (that he was unable to collect funds). *See* Am. Comp. at ¶¶ 51-52. Plaintiff's allegations fail to plead factual content in order for the Court to draw the reasonable inference that any of the alleged statements by either of these Defendants was relied upon by Plaintiff or somehow resulted in Plaintiff being unable to collect funds.

24.     For the foregoing reasons, Plaintiff's Count II, for Fraudulent representation, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). This Court has already ordered the Plaintiff to provide the essential details required to satisfy Rule 9(b)'s heightened pleading requirement, which Plaintiff has continued to fail to do. As such, Plaintiff's claim in Count II, for Fraudulent representation, should be dismissed with prejudice.

### III.    Plaintiff Continues to Fail to State a Claim for "Fraud," and Count II should be dismissed with prejudice

25.    In the Opinion and Order (Doc. 63), this Court found that Plaintiff had not shown standing in his Second Amended Complaint for his claims related to the Will; and held that Plaintiff must indicate to what estate property he claims entitlement, how the Will affects Plaintiff or how Plaintiff was injured by the purported fraud related to the Will. (*See* Doc. 63, at p. 6). Plaintiff has continued to fail to do so and, thus, has failed to establish Article III standing. *E.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) (For Article III standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.

26.    Moreover, Plaintiff continues to fail to allege allegations in compliance with Fed. R. Civ. P. 9(b) and, from what is alleged by Plaintiff in his Third Amended Complaint, the probate exception is applicable.

27.    One specific deficiency outlined in the Court's Opinion and Order, related to Plaintiff's claim for Fraud, was that Plaintiff failed to allege that he acted in reliance upon a representation made by Defendants. [Doc. 63, at p. 10]. In an apparent attempt to cure the deficiency in his Second Amended Complaint, Plaintiff's Third Amended Complaint contains a newfound allegation that the representation of the "Defendant's" somehow caused Plaintiff to "not challenge the filing in the Collier

Court (2024 Coll. Case) as Plaintiff was under the impression that there is No Will for Ramesh Kumar."[3] This allegation is confusing for multiple reasons.

28. First, based upon Plaintiff's allegations, the alleged statement relied upon would seem to be the allegation in the "2024 Coll. Case" that there was "no Will for Ramesh Kumar," and not the subsequent statements purportedly contained in the "Power of Attorney" documents described in paragraphs 55 through 59 of the Third Amended Complaint, which Plaintiff alleges were each issued on "May 28, 2024."

29. Second, according to Exhibit A to Plaintiff's Third Amended Complaint, the petition and order for summary administration purportedly occurred on April 15, 2024, and April 26, 2024, respectively, more than a month prior to the purported date the "Power of Attorney" documents were allegedly issued by Defendants. As such, it is implausible that statements allegedly made more than a month after the order for summary administration had any bearing on Plaintiff's decision to not challenge the filing in the 2024 Coll. Case. [Doc. 66-1, at 1]; *See* Fed. R. Civ. P. 10(c); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.") Indeed, according to Exhibit A to Plaintiff's Third Amended Complaint, neither Defendants AJAY KUMAR, RAJ KUMAR, RENU KUMAR, or VIJAY KUMAR are listed as a party to the "2024 Coll. Case," and

---

[3] The term "2024 Coll. Case" is defined as the proceeding in the Twentieth Judicial Circuit, in and for Collier County, Florida, Case No. 24-CP-1141. Am. Comp., at ¶ 3.

Plaintiff's Third Amended Complaint is devoid of any statement made by either of these Defendants in the "2024 Coll. Case."

30.    Third, Plaintiff is not a beneficiary of Ramesh Kumar's estate (either through a will or intestacy). Per the allegations of Plaintiff's Third Amended Complaint, Plaintiff is not a beneficiary of Ramesh Kumar's estate, as she was married and had children at the time of her death. Am. Comp., ¶ 21. Also, Plaintiff does not allege that he is a beneficiary under a will. Thus, under either circumstance, Plaintiff's allegations that he is somehow "entitled to 50% of the Estate of Ramesh Kumar," and that he has been injured because he "lost his 50% of the share in the Estate of Ramesh Kumar," are frivolous, at best, and Plaintiff continues to fail to state a cause of action for Fraud.

31.    Nevertheless, the probate exception precludes a federal court from exercising jurisdiction over the (1) probate or annulment of a will, (2) administration of a decedent's estate, or (3) disposition of property that is in the custody of a state probate court. *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006); *Stuart v. Hatcher*, 757 Fed. Appx. 807, 809 (11th Cir. 2018) (Federal courts have recognized an exception to federal diversity jurisdiction in cases involving state probate matters). A challenge to the filing of the 2024 Coll. Case would be directly the kind of task reserved to the state probate court. Furthermore, Defendants reiterate any claims based upon affidavits or statements filed or made in connection with court proceedings (*e.g.*, the 2024 Coll. Case) are subject to the litigation privilege, providing absolute immunity. *See Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So 2d 380, 383 (Fla. 2007)

(citing *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) ("Absolute immunity must be afforded to any act occurring during the course of a judicial proceeding… so long as the act has some relation to the proceeding.")).

32.    Plaintiff's claim for Fraud, in Count II of the Third Amended Complaint, continues to violate Federal Rule of Civil Procedure 9(b). While Plaintiff's Third Amended Complaint now includes a precise date (May 28, 2024) on which each of the Defendants issued a "Power of Attorney," and where each Defendant issued the "Power of Attorney," respectively, Plaintiff continues to fail to allege to whom either "Power of Attorney" or "Declaration" was provided, how any of the statements in these "Power of Attorney" was fraudulent, the context in which each purported "Power of Attorney" was provided, or what the Defendants obtained as a consequence of the alleged fraud. In addition, as noted above, the Third Amended Complaint is devoid of any allegation concerning how or in what manner Plaintiff relied upon any statement in the "Power of Attorney," issued on May 28, 2025, and the allegations are confusing, at best, as to how Plaintiff acted in reliance upon any statement contained therein.

33.    Similarly, the newfound allegation by Plaintiff concerning a "Declaration" purportedly issued by Ajay Kumar on "June 13, 2024" fails to allege where Defendant Ajay Kumar issued the "Declaration," to whom the "Declaration" was provided, how any of the statements in the "Declaration" was fraudulent, the context in which each purported "Declaration" was provided, or what Defendant Ajay

Kumar obtained as a consequence of the alleged fraud. The Third Amended Complaint is also devoid of any allegation concerning how or in what manner Plaintiff relied upon any statement in the "Declaration," issued on June 13, 2024, and the allegations are confusing, at best, as to how Plaintiff acted in reliance upon any statement contained therein.

34.    None of the allegations by Plaintiff alert any of the Defendants of the precise misconduct with which they are charged and, at best, Plaintiff spuriously claims that the Defendants somehow committed an act of fraud by signing a "Power of Attorney" and/or a "Declaration" stating the existence of a Will (even though a copy of said Will is attached to the Third Amended Complaint) which Plaintiff again confusingly claims was prepared "using blank signed papers" due to some "preliminary analysis" of a Will that Plaintiff has somehow conducted.

35.    For the foregoing reasons, Plaintiff's Count II, for Fraud, should be dismissed, as Plaintiff has failed to show standing for claims related to the Will. Further, the probate exception applies, and the Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Moreover, this Court has already ordered the Plaintiff to provide the essential details required to satisfy Rule 9(b)'s heightened pleading requirement, which Plaintiff has continued to fail to do. As such, Plaintiff's claim in Count II, for Fraud, should be dismissed with prejudice.

IV.    **Plaintiff Continues to Fail to State a Claim for "Civil Conspiracy," and Count III should be Dismissed with Prejudice**

36.    In the Opinion and Order [Doc. 63], this Court found that Plaintiff failed to state a civil conspiracy claim in the Second Amended Complaint, and failed to provide clear, positive and specific allegations. The Third Amended Complaint remains deficient in this regard. Doc. 63, at 11-12.

37.    In Count III of the Third Amended Complaint, for civil conspiracy, Plaintiff vaguely alleges that Defendants "engaged in wrongful and illegal actions to conspire against the Plaintiff in order to harm his personal and professional life." Am.Comp., ¶ 85. To plead civil conspiracy, a plaintiff must allege: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Cordell Consultant, Inc. Money Purchase Plan & Trust v. Abbott*, 561 Fed. Appx. 882, 886 (11th Cir.2014) (quoting *Raimi v. Furlong*, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997). Additionally, a claim for civil conspiracy which sounds in fraud must meet the heightened pleading standard required by Fed. R. Civ. P. Rule 9(b). *See Apex Toxicology, LLC v. United HealthCare Servs., Inc.*, No. 17-61840-CIV, 2020 WL 13551299, at *3 (S.D. Fla. July 7, 2020) ("Where a civil conspiracy claim sounds in fraud, like here, it is subject to the heightened pleading standard of Rule 9(b)").

38.    As to the first element, Plaintiff alleges in Count III that "Defendants entered into an agreement to falsely characterize Plaintiff as an illegitimate child of his

parents." Am. Comp., ⁋ 72. Plaintiff does not allege any ultimate facts to support this conclusory allegation, specifically when this purported agreement was purportedly entered, or between whom specifically.

39.    "[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show [an illegal conspiracy]." *Bell Atl. Corp.*, at 556–57 (reversing Second Circuit and affirming dismissal of complaint alleging claim of conspiracy in restraint of trade and holding that a complaint must contain "enough factual matter (taken as true) to suggest that an agreement was made"); *see also Bolinger v. First Multiple Listing Serv., Inc.*, 838 F.Supp.2d 1340, 1368 (N.D.Ga.2012) (dismissing claim for civil conspiracy where plaintiffs failed to allege sufficient facts to show a plausible agreement between defendants).

40.    As the Eleventh Circuit explained:

> In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required.... In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed. A complaint may justifiably be dismissed because of the conclusory vague and general nature of the allegations of conspiracy.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir.1984) (internal citations omitted).

41.    In addition, Plaintiff has failed to allege with requisite specificity the 'overt act' Defendants performed in pursuance of the conspiracy. Plaintiff attempts to satisfy this element by vaguely alleging the following as an "overt act in pursuance of the conspiracy":

> Illegally overstate the share of Ramesh Kumar from 1/3 of
> 50% to 50% shareholder
> Also, to omit the Relinquishment of Ramesh Kumar in her
> father's Estate.

Am. Comp., ⁋ 76 (c).

42.    These ambiguous allegations do not meet the heightened pleading standard required by Fed. R. Civ. P. Rule 9(b), in that they do not identify which Defendants purportedly committed these acts, where nor when these acts occurred. *See Carlson v. Armstrong World Indus., Inc.*, 693 F.Supp. 1073, 1078 (S.D.Fla.1987) (dismissing conspiracy claims because the complaint failed to mention "any particular act in furtherance of a conspiracy [and because] the conspiracy claims [were] vague, general, and conclusory.")

43.    Moreover, Plaintiff's civil conspiracy count fails because the other counts put forward in Plaintiff's Third Amended Complaint are subject to dismissal, as discussed throughout this motion. "[A] civil conspiracy derives from the underlying claim that forms the basis of the conspiracy." *Behrman v. Allstate Ins. Co.*, 388 F. Supp. 2d 1346 (S.D. Fla. 2005) (internal citations omitted) (dismissing the plaintiff's claim for civil conspiracy, with prejudice, because the plaintiff's other claims were found to be not actionable). Florida does not recognize an independent cause of action for civil conspiracy. *Id*. Therefore, if a plaintiff's other underlying torts fail, the civil conspiracy claim must fail as a matter of law too. *Id*.

44.    For the foregoing reasons, Plaintiff's Count III, for Civil Conspiracy, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). This Court has already

ordered the Plaintiff to provide clear, positive and specific allegations, which Plaintiff has continued to fail to do. As such, Plaintiff's claim in Count III, for Civil Conspiracy, should be dismissed with prejudice.

**V.    Count IV of the Third Amended Complaint Should be Dismissed, with Prejudice**

45.    Count IV of the Third Amended Complaint is a claim for unjust enrichment, which was not alleged in previous iterations of Plaintiff's complaint.

46.    Under Florida law, the elements of a claim for unjust enrichment are (1) the plaintiff has conferred a benefit on the defendant, (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof. *Omnipol, a.S.*, 421 F.Supp.3d at 1347.

47.    As to the first element, the "plaintiff must show it 'directly conferred' a benefit on the defendant. Accordingly, it is not enough to show that the defendant obtained a benefit and that plaintiff was in some roundabout way damaged." *Id.* at 1348. Citations omitted.  While it is unclear from Plaintiff's allegations as to which Defendant Count IV is directed, Plaintiff nevertheless fails to allege that he provided any direct benefit to any Defendant, or that any of Defendants accepted or retained any benefit from Plaintiff.

48.    Further, Plaintiff's allegation in Count IV, concerning an "indirect financial benefit" [Am.Comp, at ¶ 79] purportedly received from the Sale Deed or release of funds facilitated by undescribed "Powers of Attorney," not only fails to

describe the purported benefit received, but is insufficient to state a claim for unjust enrichment. *See Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825, 830 (11th Cir. 2017) (affirming dismissal of unjust enrichment claim because complaint alleged merely an indirect benefit).

49.     Accordingly, Count IV of Plaintiff's Third Amended Complaint must be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

**VI.    Count V – Sale Deed Invalid and Void Under Prevailing Law of Florida**

50.     In the Opinion and Order [Doc. 63], this Court ordered Plaintiff to serve Anand Kumar Dhull and file a proof of service or show cause why the Plaintiff's count regarding the validity of the Sale Deed should not be dismissed under Rule 19(b). To date, Plaintiff has not filed proof of service or shown cause as to why this count should not be dismissed. To the extent Plaintiff fails to do so, Count V should be dismissed.

51.     In addition, Count V seeks to declare the Sale Deed as invalid and void under Florida law. Notably, Plaintiff has previously taken a contrary position regarding the Sale Deed in the 2015 Lee Co. Case filed against Ramesh Kumar, to which Plaintiff makes reference to in paragraph 93 of the Third Amended Complaint.

52.     Nearly ten years after filing the 2015 Lee Co. Case, Plaintiff files the instant cause containing similar allegations to those alleged in the 2015 Lee Co. Case, only now claiming that the Sale Deed is "invalid and void" due to allegations concerning the witnesses listed in the Sale Deed, lack of notarization, and lack of consideration.  Plaintiff's allegations concerning witness attestation and lack of notary, however, are in conflict with the Sale Deed attached as Exhibit D to Plaintiff's Third

Amended Complaint [Doc. 66-1, at 7-15], as the attached Sale Deed appears to contain witness signatures and a notary stamp.

53.    Nevertheless, Plaintiff's allegations concerning the applicability of Florida law are incorrect, in that "real or immovable property is exclusively subject to the laws of the country or state within which it is situated, and no interference with it by any other sovereignty can be permitted, is a universal principle." 10 Fla. Jur.2d Conflict of Laws § 20 (2024). The laws of the state where real or immovable property is situated furnishes the rules which govern its descent, alienation, and transfer; construction; validity and effect of conveyances thereof; and the capacity of the parties to such contracts or conveyances; as well as their rights under the same. *Beale v. Beale*, 807 So. 2d 797 Fla. 1st DCA 2002) (citing *Connor v. Elliott*, 79 Fla. 513 (1920)); *see also Kyle v. Kyle*, 128 So.2d 427 (Fla. 2d 1961) ("When an instrument purports to convey title or an interest in real property which has its situs within a state, the formal validity and requirements of the document which seeks to affect the title to such property are governed by the *lex rei sitae* – the law of the state wherein the property is located.")

54.    Based upon the foregoing, Count V of the Third Amended Complaint should be dismissed, with prejudice.

**WHEREFORE**, the Defendants AJAY KUMAR, RAJ KUMAR, RENU KUMAR and VIJAY KUMAR respectfully request this Honorable Court grant this Defendants' Motion to Dismiss the Plaintiff's Third Amended Complaint, and grant all such other and further relief as this Honorable Court deems just and proper.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

I HEREBY CERTIFY that, pursuant to Rule 3.01(g), Local Rules, United States District Court for the Middle District of Florida, the undersigned did attempt to confer with Plaintiff regarding the relief sought in this Motion via e-mail and telephone on June 5, 2025, but Plaintiff was unavailable before the filing of this Motion. Accordingly, in accordance with Local Rule 3.01(g)(3), the undersigned will supplement this Local Rule 3.01(g) certification with a statement certifying whether the parties have resolved all or part of the motion.

Dated: June 5, 2025                    Respectfully Submitted,


                                    */s/ John C. Webb*
                                    John C. Webb, Esq.
                                    Fla. Bar No. 48601
                                    **JOHN WEBB LEGAL GROUP, P.L.**
                                    P.O. Box 60832
                                    Fort Myers, FL 33906
                                    Telephone: 239-313-7362
                                    E-Mail: John@JohnWebbLegal.com
                                    *Lead Counsel for Defendants AJAY KUMAR, RAJ KUMAR, RENU KUMAR, and VIJAY KUMAR*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2025, a true and correct copy of the foregoing was served upon Jeevan Malhotra a/k/a M. Jeevan Prakash, *pro se Plaintiff herein*, via the Court's CM/ECF system.

 _/s/ John C. Webb_____
John C. Webb, Esq.
Fla. Bar No. 48601
**JOHN WEBB LEGAL GROUP, P.L.**
P.O. Box 60832
Fort Myers, FL 33906
Telephone: 239-313-7362
E-Mail: John@JohnWebbLegal.com
*Lead Counsel for Defendants AJAY KUMAR, RAJ KUMAR, RENU KUMAR, and VIJAY KUMAR*